tenant from a sudden and substantial increase in rents by limiting the amount of any increase to 15% of the existing rents. The provision that the 15% increase, when allowed, is to continue for a period of twelve consecutive months clearly indicates that the Legislature intended to permit a second application at the expiration of that period without the necessity of showing an adverse change in circumstances. This necessarily follows from the fact that the landlord is bound by the rentals fixed for the twelve months even though a change in circumstance may occur during that period.

Accordingly, the order appealed from should be reversed and the petitioner's application for a further 15% increase granted. Settle order.

Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ., concur.

Order unanimously reversed and petitioner's application for a further 15% increase granted. Settle order on notice.

LONG PARK, INC., Respondent-Appellant, v. R K O THEATRES, INC., Appellant-Respondent.—

Present — Peck, P. J., Cohn, Van Voorhis, Shientag and Heffernan, JJ.

JOHN E. SILSON, Appellant, v. CITY OF NEW YORK, Respondent.— No opinion. Present — Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ.; Dore and Shientag, JJ., dissent and vote to reverse and grant plaintiff's motion in the following memorandum: In view of the unusual and exceptional state of facts disclosed in this record, the motion for a preference should be granted and the case set down for a day certain.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ZUCKERMAN, Appellant.— Present — Peck, P. J., Cohn, Callahan, Van Voorhis and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRWIN SLATER and BESS BERNARD, Appellants.— Present — Peck, P. J., Cohn, Van Voorhis and Heffernan, JJ. [See 280 App. Div. 778.]