In the Matter of IRWIN SLATER (Admitted to the Bar as IRVING SLUTZKIN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 9, 1959.

*George G. Hunter, Jr.,* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Irwin Slater,* respondent in person.

*Per Curiam.* The respondent was admitted to practice by Second Department in 1938. On November 22, 1950, he was adjudged guilty of professional misconduct and suspended from the practice of law for one year (*Matter of Slater,* 277 App. Div. 459). The charges which resulted in that determination were completely unrelated to those involved in this proceeding. Before the period of suspension expired, the Association of the Bar of the City of New York filed a supplemental petition, which was subsequently amended. When the respondent applied for reinstatement, this court denied the motion pending the determination of the issues raised by the specifications of the supplemental petition.

The Referee who was initially appointed to take proof, died before the completion of the hearings. Other delays were occasioned by the trial of an indictment filed against the respondent and his appeal from the judgment of conviction thereon, and by numerous applications made to this court in this proceeding and an appeal to the Court of Appeals. Some applications had merit, others were dilatory. However throughout the entire period, the respondent has been barred from practice.

Now under consideration are charges that the respondent was guilty of professional misconduct, malpractice, conduct prejudicial to the administration of justice, and moral turpitude in connection with the placement of children for adoption.

The respondent was indicted for the misdemeanors of conspiracy, unauthorized placement of children (Social Welfare Law, § 374), and receiving compensation for the placement of children (Penal Law, § 487-a). Thereafter a judgment of conviction was entered on three counts for his violations of the Social Welfare Law (§ 374) and the Penal Law (§ 487-a). The respondent was acquitted on the charge of criminal conspiracy. He was sentenced to imprisonment for one year. On appeal, the conviction was affirmed but the sentence reduced to six months (*People* v. *Slater,* 279 App. Div. 1042). In substance, the respondent was convicted of the unauthorized placement of two infants and the receipt of compensation therefor. In the disciplinary proceedings, he admitted that in the matters involving these two children he was paid the sums of $1,750 and $1,800 respectively.

Concededly, the respondent placed 15 or more children for adoption and maintained an office in Miami, Florida, where he

employed a secretary whose time was devoted to child placement and adoption matters. As part of that activity, the respondent inserted advertisements in Miami newspapers soliciting adoptive parents as well as babies to be placed for adoption.

In his last report to this court, (dated May 9, 1958) among other things, the Referee concluded that the respondent had been engaged in "bartering children for profit" and that his conduct "was prejudicial to the administration of justice and in violation of his duty, as an attorney, to uphold the law and maintain the dignity of his profession". The record amply sustains the findings made by the Referee and we confirm and approve his report.

It is our considered opinion that the respondent was convicted of crimes, and in addition, apart from the convictions, guilty of acts involving professional misconduct, malpractice and conduct prejudicial to the administration of justice. Under the circumstances, his conduct was clearly in violation of his duty to uphold the law and to maintain the dignity of his profession, and was prejudicial to the administration of justice.

The respondent has, in our judgment, demonstrated his unfitness to be retained on the roll of attorneys and counselors at law. He should be disbarred.

BOTEIN, P. J., BREITEL, M. M. FRANK, MCNALLY and BERGAN, JJ., concur.

Respondent disbarred.